Good morning, Your Honors. John Ballas on behalf of the defendant Donny Love. This is a resentencing appeal. I'm intending to reserve two minutes for rebuttal. Unless the Court has questions on the first two issues on the brief, I'm intending to focus on the first two issues are the four-level aggravating role enhancement and the challenges to the damage and substantial disruption of a government function, upward departures. I'm intending to focus on the third and fourth issues in the brief. That's a challenge to the restitution and the legal sentence on count eight. I may have some questions about the property damage, but go ahead. On the restitution issue, we've argued that the District Court erred in imposing $325,000 in restitution jointly and severally when it imposed no restitution for three other defendants who were charged with the same offenses in a separate case. Let's get to the other issue first. It seems much more important. The restitution, I mean, among other things, I'm not going to pay the restitution anyway, but let's do the other issue first. Okay, on the property damage issue. No, no, the question of count eight. The question of? The sentence on count eight and what we do with it. Oh, a sentence on count eight. So, the statutory maximum on count eight was 120 months. The Court imposed a 285-month sentence. Both parties agree that that is error and that it's plain error. We've argued that the Court could either simply amend the judgment on count eight and reduce it to 120 months, the statutory maximum, or I think that under this Court's decision in PED, P-E-D, the proper approach would be to remand for further proceedings to the District Court. In PED, it quoted the statutory language in 18 U.S.C. 3742F1, where a sentence imposed in violation of law, the Court shall remand the Court for further proceedings. And the Court went on some length that the term shall generally requires a mandatory must remand, and I think that's the appropriate response here. I mean, the government is arguing that we should simply amend the judgment to make the 285 months on counts one and two on the theory that that's what the original sentence was orally. Yes, and I think that when the Court issued its minute order saying that the sentence on counts one and two should be 150 months, that was the Court's intention, and we shouldn't rewrite the Court's sentence on those counts, not only correct the error on count eight, but then also rewrite it. What's the maximum sentence on counts one and two, 285 months? It was, I don't have that right here, but it was much higher. Yeah, higher, right. So it was able to cover the 285 months. And the maximum on count eight was 120 months? Yes. The 150 months was nothing. It couldn't have been a maximum sentence for anything. It was not the maximum sentence, but the Court could have imposed a sentence of 150 months on counts one and two. It could have done it consecutive, 150 months on count one, 150 months on count two, consecutive. There's a couple of different ways to fashion the sentence, and I think that the typical response would be for the Court to remand and let the District Court do it at the first instance. Nobody challenged the 285 months in the District. The mistake on count eight, which was clearly a mistake, nobody brought to the Court's attention. That's correct. No one brought it to the Court's attention. It is plain error, but the Court's precedent says that when a sentence is above the statutory maximum, that's plain error. Let me move to the argument on the substantial property damage because the Court stated that it may have a question on that. We've argued that the District Court erred in imposing a two-level departure for substantial property damage or loss because that was adequately taken into the guideline range. I was mixed up in my opening brief where I talked about the guideline that was ultimately decided use was 2K1.4 when, in fact, that was the guideline in counts one and two, but the guideline in count eight was 2K2.1. The argument is that it's an error to do an upward departure for substantial property damage because property damage is already considered within the guidelines. Let me ask you, even if we agree with you on that, 5K2.5 refers to property damage not already taken into account. But there's also 5K2.0, which refers to circumstances that are present to a degree that's not adequately taken into account in the guidelines. In that sentencing, the District Court said, it was at page 35, while there may be some property damage contemplated, I don't think it's of the nature of what we had here. So that kind of seems like a finding that even to the extent that the guidelines do take account of property damage, they don't take account of the degree of property damage that was caused. So why wouldn't the departure be warranted on that basis? Well, our position would be that the guideline, 2K1.4, refers to in its title for arson and damage to property. Almost by nature, damage by arson is going to be significant property damage. The damage by arson was count what? Well, because they're all calculated together, all the counts were in one group, we believe that basically all the offenses, the nature of the offense was an arson offense. It was placing three pipe bombs in front of the federal courthouse that exploded. I thought the property damage was added to count eight. Is that not right? Well, there was one guideline group for all the counts, and then they added an upward departure. So you don't think it was added to count eight specifically, but it was added to all of them? Correct. And one of those specifically was property damage by arson. So the guideline for counts one and two were for arson and property damage. The guideline for count eight, which was higher, has a cross-reference to using another guideline if the offense level would be higher. So you would look to the other cross-reference to the property damage. But it wasn't higher. It wasn't higher, so it wasn't used. So why doesn't that lead to the conclusion, therefore, that what you're testing for is whether you should use the count, whether count eight can now be enhanced because you've now backed out the possibility that the property damage is totally taken into account by this cross-reference. So now we have the ordinary situation where you could add property damage to count eight. Well, the argument is that the cross-reference did encompass and take into consideration the property damage and arson. It was actually at a lower level, so it didn't add any additional levels. But it was considered, the guidelines consider that in the guideline range. But because it didn't add any levels, it didn't increase the overall guideline range. Right, but what the district court said was that even to the extent that the guidelines consider damage, that the damage here was unusually severe. And I take the point that there's always going to be some damage caused by arson, and this isn't the worst arson a person can imagine. But replacing commercial glass in the front of a courthouse is not inexpensive, and it damaged the metal detector or the X-ray machine. So why was it an abuse of discretion for the district court to say this was unusually severe and to a degree not taken into account by the normal guideline? Well, again, I'll just go back to that. I think that by the nature, any kind of arson or property damage has to be significant. You could imagine arson burning down a building, causing much more extensive damage. It did have a blast to the front windows and cause significant damage. But I don't think that's out of the ordinary guideline range for property damage or arson offenses. You're over your time, but we'll give you two minutes. Thank you. We'll hear from the government. Good morning, Your Honors. May it please the Court, Mark Rahe for the United States. To pick right up on the property damage issue that defense counsel was arguing about, the government's position, I mean, the only guideline that matters here for the first group of counts is 2K2.1, because there were two groups of counts. One of them was count six, which had the 120-month mandatory minimum. Everything else was in a group over here. And under 3D1.3A, the guidelines for all of those counts are to be defined by the guideline that produces the highest adjusted offense level. The parties disagreed in the district court about what that would be, but the district court ultimately held that count eight produced the highest range, and that's not being- And that range continues to govern, even though it produces a sentence that's well above the maximum. Well, its range was 235 to 293. And Your Honor asked, the maximum for counts one and two is actually life. It's actually what? It's life. No, but I'm saying for count eight, you're working from count eight now, right? Right. The maximum there was 120 months. For the actual mandatory minimum. Right, but I'm just trying to clarify that despite that, and despite the fact that the guidelines range would have produced a much higher sentence, we still use that guidelines range for purposes of the group? Is that what you're saying? That is what I'm saying, Your Honor. Okay. Exactly. And here, when one looks to it, I believe the one that I photocopied was page 16 from the government's answering brief. When you look at the 2K2.1 calculations, it's all about possession of pipe bombs. Right. And when you look in there, every single, not one of the specific offense characteristics had to do with property damage. It was about the number of pipe bombs that were, or number of unregistered. But if you're doing it in a group, you don't take into account the property damage accounting in the group? You just take, there's also a cross-reference, but leaving the cross-reference out for the moment, if you're trying to decide whether the property damage has been accounted for, it's been accounted for within the group, if not within count eight. Why does that matter? Well, I respectfully disagree, only because when I look at the guidelines, you know, if this, if count eight guidelines, the ones that we- I understand that, but it's been accounted for in count, what, is it two or one? But to me, it's only been accounted for if I look at the actual guidelines and I see, you know, plus three for damage. I mean, there's not one of these specific offense characteristics goes to the damage to the property. I thought the damage to the property is already part of the count, isn't it? Of the arson, the arson doesn't require that it be damage, property damage. Although it's property damage through arson, I thought that's the crime. Well, absolutely. And I can't, how could I- So it's accounted for. How could I disagree with that? No, but I'm saying so it is accounted for. Well, but not in the way that I don't believe so. Yeah, it's an inherent metaphysical part of it without a doubt. But when I look at the guideline calculations, to me, the phrase accounted for by the guideline, whatever the context is, I'm going to look at what the district court did and I'm going to see, like, does it account for possession of a firearm? Well, there's no mention of firearms here. There was nothing, no enhancement to the sentence for the 2K2.1. Well, what about, I mean, you just said was it accounted for within the guideline, but 5K2.5 actually says taken into account within the guidelines, plural. And so one way to read that is it contemplates more than just the particular guideline that ends up driving the sentence, but all of the guidelines that were part of the sentence calculation, which would include 2K1.4. So what's the answer to that? You know, I see what you're saying, Your Honor. But there are, you know, the multiple guidelines here. There was the grouping guideline, 3D1.2. We're looking at more than just one, you know. But, I mean, you know, that guideline manual, by definition, in any given case, there are probably 40 guidelines that account for damage. If none of those 40 are the one that are actually driving the sentence, you know, maybe it's just my understanding the word accounted for. You know, accounted for usually means somebody's being held to task. There will be a consequence. But even in the alternative, as Your Honor pointed out, if the court, you know, found, I believe it was page 25 of the sentencing, that even the damage here, this was $325,000. I mean, and what's interesting, too, in Excerpt of Record 31, the defense admitted below, quote, that this bombing caused undeniably substantial damage to the courthouse and expenditure of funds. Oops. Page 16 of the opening brief. The defendant also, you know, writes, the blast admittedly caused extensive damage to the windows, the lobby, the x-ray machines. So given that the standard review is abuse of discretion, we would submit that the court did not err. And unless there are more questions on that, I guess I will turn to the other feature about the whole accounting. I mean, the government's position here, this is a very odd situation. I've, you know, been 22 years in the job. I don't know that I've ever seen a sentencing, and this sentencing hearing was unbelievably thorough, and it was the second one. And this isn't just a run of the mill. I'm sorry, I didn't hear that. Oh, I'm sorry. You know, this was a very thorough sentencing hearing, and it was the second one. I've never seen a minute order where a court, after, you know, when you read that, those 31 pages, the court unambiguously pronounces 285-month sentence on counts one and two. But that's just specifically correction. Well, yes. But what happens is there's a minute order that says, you know, oh, the party should be aware there was an error, and it will be reflected in the transcript and the judgment. Nothing ever changed in the transcript. The amended judgment says so. But even under those rules, I mean, what would be the error? And you know of any case in which I know there's a general rule, the oral sentence governs, but has there ever been a situation in which that was applied in favor of the government and against the defendant? You know, it's a good question. I'm not off the top of my head. I believe the one we rely on is the one that's often cited from 1974. It's the Munoz-De La Rosa case, and that was to the defendant's benefit. But doesn't that suggest we should remand, given the very unusual fact pattern here where, you know, the judge changes sentencing in a written minute order? I mean, doesn't that suggest the practical thing is you may be right that the judge ultimately may say, all right, 285-month sentence ultimately, but, I mean, isn't it prudent to remand it for the judge to figure this out? I mean, it's hard not to argue against that, Your Honor. All we wanted, you know, to say is if the court does that, that it be a limited remand. Even when I look at the text of 3742F1, it says, if the court of appeals determines that the sentence was imposed in violation of law, the court shall remand the case for further proceedings with such instructions as the court deems appropriate. Here, after a thorough resentencing hearing where there's no challenge to the substantive reasonableness, all the, you know, the defendant had every opportunity to make his claims. We would ask that it just be limited, and we've already conceded to a limited remand on that last issue, where I believe the court imposed 10 years of supervised release, but, you know, it should have been five. So, you know, the only thing we would ask then is if this court does remand that it not be on a, you know, entirely brand new, what is it, proceeding on an open record, because, you know, the law, I mean, the case law does say if there is an unambiguous oral pronouncement, it controls over a subsequent written. So how exactly do you propose that it be limited? Like, what would we say? You know, just for the district court to clarify the actual sentences on these counts, because it made its declaration, and even in that minute order, the court said whatever error it perceived, it would not ultimately change the 405-month total sentence. And, you know, I was an English major, but I seem to remember from algebra, if you have X plus 120, 120 is that mandatory minimum, equals 405, the only thing X can be is 285. So, you know, whatever it was that the court saw, we would ask that it just be limited for the purposes of amending the judgment, and not an entire new seer, because that would not be equitable. And not an entirely new sentencing hearing, is that what you're saying? Yes. Because I know, you know, a defense counsel, I think, was asking for a resentencing on an open record and to, you know, relitigate all of these issues anew, and we would suggest that that's not. Is there any possibility that if the 285-year, even if she assumes that the 285-month sentence is now going to be attached to counts one and two, which isn't necessarily the case, I assume she could decide something in between. I mean, you're not suggesting that we tell her she has to choose between 150 and 285. She could just decide what's the sentence on that, and for that she may need a sentencing hearing anyway. But beyond that, couldn't the question of which is the deriving sentence or would it affect which is the deriving sentence and therefore affect possibly the enhancements, particularly, say, the property enhancement? I mean, I honestly don't know, Your Honor. All I know is that from that minute to this point. Well, since you don't know and since we don't know, can we – This much I do know, what the Court did say. The only thing I don't know is that the error that the Court perceived, because when you read that 35-page transcript, there's not even a single hesitation. Then somehow this minute order comes out, and even Rules 35 and 36, it's not just for any whim. It's supposed to be clear error, arithmetic, technical, you know, something that's obvious from oversight. That minute order, those three sentences don't tell you that, but they do unequivocally state that whatever the change was perceived, it would not affect the ultimate sentence, and the ultimate sentence was 405 minutes. It can't tell her that because she has to be able to sentence on counts 1 and 2, whatever she wants to sentence on it, right? If count 8 – well, even as to count 8, I assume she has to be able to sentence. She could theoretically sentence at less than the maximum. So how can we tell her what to do? You know, I'm putting my best foot forward, Your Honor. This is going to be the third sentencing hearing. I agree with you, but still – If she makes an unambiguous oral pronouncement, and this Court has case after case that says that controls, I mean – So I understand. You're now backtracking and saying we should tell her we should enforce the oral pronouncement. We should tell her she has to enforce the oral pronouncement. Well, if we're – you know, the limited remand – this is an area of law. Again, I have not – Not though. I mean, I understand. Limited to the problem between count 1, 2, and 8, I understand. But within count 1, 2, and 8, we're supposed to tell her what to do about that? Exactly. Well, if she – you know, it depends on what her – the error was. And I think this goes to Judge Lee's concern. Like, if she's the one who issued that minute order, she will know. So I think we will leave it at that and submit to the Court if that's – Thank you, Counsel. Just a final point that I would agree that I don't think it's appropriate for a limited remand and to tie the district court's hands and to try to determine or rewrite the way that the judge imposed the sentence. Instead, it should follow the general practice of a general remand. I'd like the district court to proceed. Suppose it was a limited remand limited to restating the sentence on counts 1, 2, and 8 because that's where the problem is. Is there any way in which the enhancements would be affected just for that reason? If it was a limited remand to restate the sentence on counts 1, 2, and 8, I think – it's hard for me, off the cuff, to answer. I think that there could be circumstances where maybe other things would come into play. Because there's a 120-month maximum on count 8 that no one considered at the time, it may have some effects on the departures and the total sentence and maybe additional arguments to raise. And I think it would be more prudent to do a general remand and let the Court determine the best way to proceed. Thank you. Thank you, Counsel. I thank both Counsel for their arguments, and the case is submitted.
judges: BERZON, MILLER, LEE